IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY COTTEN, INDIVIDUALLY,
AND ON BEHALF OF ALL
WRONGFUL DEATH BENEFICIARIES
OF TONI COTTEN, DECEASED; AND
THE ESTATE OF TONI COTTEN, DECEASED
BY AND THROUGH LYNNITA BARTEE,
ADMINISTRATRIX                                                          PLAINTIFFS

VS.                                          CAUSE NO.: 3:15cv514 TSL-RHW

THE UNITED STATES OF AMERICA;
H.C. WATKINS MEMORIAL HOSPITAL;
RUSH MEDICAL FOUNDATION;
RUSH HEALTH SYSTEMS, INC.; IVAN
ZAMORA, M.D.; JAMES LOCK, M.D.,
AND JOHN DOES 1 - 5                                                     DEFENDANTS

## COMPLAINT

### JURY TRIAL DEMANDED

Plaintiffs, Anthony Cotten, Individually, and on behalf of all wrongful death beneficiaries of Toni Cotten, deceased, and The Estate of Toni Cotten, deceased, by and through Lynnita Bartee, Administratrix, file this Complaint against the Defendants, The United States of America, H.C. Watkins Memorial Hospital, Rush Medical Foundation, Rush Health Systems, Inc., Ivan Zamora, M.D., James Lock, M.D., and John Does 1-5.

### A. Parties

1.  Plaintiff, Anthony Cotten, is an adult resident citizen of the state of Mississippi and a wrongful death beneficiary of Toni Cotten, Deceased. Plaintiff Anthony Cotten resides at 2032 Cabernet Circle, Brandon, Rankin County, Mississippi.

1

2. Plaintiff, the Estate of Toni Cotten, was established in the Chancery Court of Clarke County, Mississippi, bearing Civil Action No. 14-0327(P). The duly appointed Administratrix of the Estate is Lynnita Bartee, the mother of the deceased, Toni Cotten.

3. The Defendant, the United States of America, administers the Department of Defense and the Department of Veteran's Affairs. At all times, the United States of America owned, operated, managed, employed employees of, directed operations of, and/or is statutorily and at common law responsible for the wrongful and negligent acts which occurred at and through the Keesler Medical Center in Biloxi, Mississippi and at H.C. Watkins Memorial Hospital in Quitman, Mississippi. The Defendant may be served with process pursuant to Fed.R.Civ.P. 4(i) by:

  a. delivering a copy of the Summons and Complaint to Gregory K. Davis, U.S. Attorney for the Southern District of Mississippi, at his address of 501 East Court Street, Suite 4.430, Jackson, Mississippi 39201; and/or

  b. mailing a copy of the Summons and Complaint by registered or certified mail to the Honorable Loretta E. Lynch, Attorney General of the United States, at her address of U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and/or

  c. mailing a copy of the Summons and Complaint by registered or certified mail to the Honorable Ash Carter, Secretary, U. S. Department of Defense, 1000 Defense Pentagon, Washington, D.C., 20301-1000.

4. Defendant H.C. Watkins Memorial Hospital ("H.C. Watkins") is an entity of unknown juridical composition, which ostensibly operates and provides medical care and treatment at 605 S. Archusa Avenue, Quitman, Mississippi 39355. Defendant H.C. Watkins

may be served with process by service upon its Administrator, Clinton Eaves, at 605 S. Archusa Avenue, Quitman, Mississippi 39355.

5. Defendant Rush Medical Foundation is a Mississippi corporation located in Meridian, Mississippi. Rush Medical Foundation is the owner and/or operator of the healthcare facililty known as H.C. Watkins Memorial Hospital, and it may be served with process by serving a copy of the Summons and Complaint on its registered agent, Rick Barry, at 505 Constitution Avenue, Meridian, Mississippi, 39301.

6. Defendant Rush Health Systems, Inc. is a Mississippi corporation located in Meridian, Mississippi. Rush Health Systems, Inc. may be served with process by serving a copy of the Summons and Complaint on its registered agent, Rick Barry, at 505 Constitution Avenue, Meridian, Mississippi, 39301.

7. Defendant Ivan V. Zamora, M.D. is an adult resident citizen of Mississippi. He may be served with process by serving a copy of the Summons and Complaint on him at 605 S. Archusa Avenue, Quitman, Mississippi 39355.

8. Defendant James Lock, M.D. is an adult resident citizen of Mississippi. He may be served with process by serving a copy of the Summons and Complaint on him at 149 Johns Shiloh Road, Brandon, Mississippi 39042.

9. Defendants John Does 1-5 are individuals or entities as yet unidentified to Plaintiffs, including, but not limited to, other practice groups of which negligent healthcare providers were members or employees, who, at material times, provided medical care and/or treatment to Toni Cotten; and/or other individuals or entities who were in association with, in business with, partners of, employees of, or members of, the defendants named herein or other John Doe Defendants who, at material times, supervised, controlled, or directed the work of any

healthcare provider who provided medical care or treatment to Toni Cotten, so as to incur liability. Such Defendants will be identified and named when their identity becomes known to Plaintiffs.

### B. Jurisdiction and Venue

10. This matter is brought pursuant to the Federal Tort Claims Act (28 U.S.C. §2671 et. seq. and 28 U.S.C. § 1346(b)) and pursuant to Mississippi law. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1346(b).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1402 and/or 28 U.S.C. § 1391.

### C. Compliance with Statutes

12. Proper written notice of intention to file this action has been provided to the Defendants, and the Plaintiffs have exhausted all of their administrative remedies as evidenced by the notices of claim attached hereto as Exhibits "A" and "B." Such notices are incorporated herein as if reproduced in full.

13. Attached to this Complaint as Exhibit "C" is the Certificate of Compliance and Expert Consultation pursuant to the requirements of Mississippi Code Ann. §11-11-58(1)(a).

### D. Facts Which Give Rise to Cause of Action

14. On the morning of August 19, 2013, Toni Cotten, an 18-year old female minor, presented to H.C. Watkins with complaints that she was "hurting all over and weak."

15. Ms. Cotten suffered from sickle cell disease.

16. She was initially accompanied to H.C. Watkins by her father, Anthony Cotten, and she was later joined by her mother, Lynnita Bartee.

17. At H.C. Watkins, Defendant Ivan Zamora, M.D. an emergency room physician,

performed an initial exam of Ms. Cotten at approximately 11:28am on August 19, 2013.

18. At the time of the initial exam, Ms. Cotten showed classic signs of sepsis.

19. Ms. Cotten arrived at the hospital febrile, reporting that she had been so for several hours prior. She had a temperature in excess of 100.4 F at admission.

20. Ms. Cotten's heart rate far exceeded 90 beats per minute; her pulse at admission revealed tachycardia, being between 145 and 160. Ms. Cotten's blood pressure revealed severe hypotension (77/48 at approximately 11:44 am).

21. Ms. Cotten's respiratory rate exceeded 20 breaths per minute, being between 28 - 38 breaths per minute.

22. Ms. Cotten's her white blood cell count was abnormally low, as revealed by test results showing a count of approximately 2,740 white blood cells per microliter of blood.

23. Ms. Cotten was also acidotic and profoundly anemic, with iron levels of 6.9 ng/mL.

24. Despite the above vital signs that clearly revealed sepsis, Ms. Cotten was misdiagnosed, given pain medications, and admitted to the hospital.

25. Sometime before 2:00pm on August 19, 2013, Dr. Owen Roberts of the Keesler Medical Center in Biloxi, Mississippi, consulted on Ms. Cotten's care with Dr. Zamora and/or other healthcare providers, assuming and imposed with duties to obtain and provide accurate and thorough medical information and to provide care and treatment consistent with the applicable standard of care.

26. Dr. Roberts is a hematologist and oncologist with the 81st Medical Group at the Keesler Air Force Base, and he had an established physician-patient relationship with Ms. Cotten, having treated her in the past for her sickle cell disease.

27. At all times material to his treatment of Ms. Cotten, Dr. Roberts had actual and/or constructive knowledge of Ms. Cotten's pertinent vital signs, and other symptoms of Ms. Cotten's sepsis.

28. Dr. Roberts concurred with Dr. Zamora's diagnosis, provision of care, and medical management of Ms. Cotten. Dr. Roberts provided further care and treatment to Toni Cotten by recommending certain medical tests and treatment.

29. Following the consultation with and agreement of Dr. Roberts, Dr. Zamora ordered a blood transfusion for Ms. Cotten, and she was given blood.

30. On August 19, 2013 at approximately 1030 p.m., Defendant James Lock, M.D. provided medical care and treatment to Ms. Cotten.

31. Ms. Cotten's vital signs continued to evidence her deteriorating condition. On August 19, 2013, at approximately 1:47 pm, Ms. Cotten's pulse was 152, her respirations were 38/minute, and her blood pressure was 78/42. At 2:25 pm, her pulse was 145. At 3:00 pm, she was still febrile, with a temperature of 102.8 F; her pulse was 153, her respirations were 32, and her blood pressure was 88/36. At 4:20 pm, her pulse was 148, her respirations were 20, and her blood pressure was 74/39. At 5:15 pm, her pulse was 140, her respirations were 20, and her blood pressure was 72/32. At 6:58 pm, her pulse was 140, her respirations were 24, and her blood pressure was 81/43. At 8:00 pm, her pulse was 146, her respirations were 20, and her blood pressure was 81/62. As the night went on, and into the early morning of August 20, 2013 Ms. Cotten's vital signs remained alarming. At midnight, her pulse was 136 and her blood pressure was 75/40. At 2:09 am, her pulse was 145, her respirations were 26, and her blood pressure was 138/77.

32. At approximately 3:00am on August 20, 2013, Ms. Cotten coded and was

intubated. The code lasted until 3:22 am. Ms. Cotten coded again from 3:29 am to 3:31 am, and her chart notes "recurrent asystole."

33. At approximately 4:00am on August 20, 2013, a transfer was sought for Ms. Cotten to the Rush Hospital Systems facility in Meridian, Mississippi (a mere 25 miles away), which agreed to accept transfer of Ms. Cotten based on her need for a "higher level of care."

34. At 4:54am on August 20, 2013, before she was transferred, Ms. Cotten coded again. Resuscitation efforts were unsuccessful, and Ms. Cotten was pronounced dead at 5:03am.

35. Ms. Cotten's death was the result of her misdiagnosis and a failure of her healthcare providers to provide medical care and treatment to her in conformity with the standard of care applicable to Defendants.

36. As a proximate result of the actions and inactions of the Defendants, jointly and severally, Toni Cotten, deceased, suffered physical pain, emotional distress and mental anguish, a loss of enjoyment of life, and death.

37. Plaintiff, Anthony Cotten, is the natural father and a wrongful death heir and beneficiary of Toni Cotten, deceased.

38. Lynnita Bartee has been appointed as the Administratrix of the Estate of Toni Cotten, deceased, and Lynnita Bartee, Administratrix of the Estate of Toni Cotten, deceased, is authorized to bring this action to recover damages which Toni Cotten, deceased, sustained prior to his death and burial expenses his estate has incurred.

39. The wrongful death beneficiaries of Toni Cotten, deceased, have suffered a loss of society and companionship, love and affection, mental anguish and emotional distress, and a loss of the net cash value of life as a proximate result of the wrongful death of Toni Cotten, as set forth in Miss Code Ann. § 11-11-13.

### E. Cause of Action

### Negligence

40. Paragraphs 1 – 40 are incorporated herein as if reproduced in full. The wrongful death of Toni Cotten was caused by the medical negligence of one or more Defendants named herein, specifically, the healthcare providers rendering care and treatment to Toni Cotten at H.C. Watkins Memorial Hospital and at and through the Keesler Medical Center in Biloxi, MS. Specifically, the continued deterioration of Toni Cotten's condition and her death were the result of medical care and treatment provided to Toni Cotten which failed to meet the applicable standard of care.

41. At all times relevant, the Defendants owed Toni Cotten the duty to exercise that degree of skill, care, competence, and prudence normally exercised by minimally-competent physicians, nurses, and/or healthcare providers under like or similar circumstances. The Defendants failed to exercise that requisite degree of skill, care, competence, and prudence required under the circumstances, breached such duty owed to Toni Cotten, and were negligent. As a result of the negligence of Defendants, Toni Cotten sustained severe personal and bodily injury and death, and Plaintiffs sustained damages as set forth herein.

42. At all times, Defendants owed to Toni Cotten:

    a. a duty to use reasonable care in their provision of care and treatment to her;

    b. a duty to order, undertake, and perform prompt and continuous diagnostic procedures, including a duty to properly monitor, ascertain, record, and report her material vital signs;

    c. a duty to promptly order, undertake, perform, and evaluate tests, including any tests that might reveal Ms. Cotten to have been in an emergent state;

    d. a duty to provide skilled, competent, and properly trained physicians and nurses to render care and treatment to her;

    e. a duty to properly and carefully prescribe and administer medications and drugs;

    f. a duty to properly assess and initiate an adequate treatment and monitoring plan for her;

    g. a duty to properly and promptly initiate necessary, proper and curative medical procedures and a duty to properly and promptly perform any and all medical procedures undertaken and/or ordered;

    h. a duty to prevent harm to her caused or occasioned by administrations of medications, including, but not limited to, pain relief medication, and/or respiratory depressants, and/or other such medications;

    i. a duty to promptly intervene and provide substantive and curative medical care to treat her and prevent a worsening of her condition and the foreseeable harm that occurred;

    j. a duty to promptly transfer her to a competent facility capable of providing needed care, and;

    k. such other duties and obligations which may be shown at trial of this matter.

43. Defendants and their employees failed to use reasonable care and breached the applicable standard of care owed to Toni Cotten by failing to fulfill the above and aforementioned duties of care. Such breaches and failures were negligent. The negligence of Defendants caused or contributed to the cause of Toni Cotten's injuries and death and Plaintiffs' damages. The negligence and/or gross negligence of Defendants in failing to adhere to the minimum standards of care as set out above is the direct and proximate cause of the injuries to and death of Toni Cotten and the resulting damages.

44. At all times mentioned herein, the individual emergency room physicians, as well as all attendant nurses and other medical staff, who provided care and treatment to Toni Cotten were acting in the course and scope of their employment or independent contractor status with one or more Defendants, including Defendants Rush Medical Foundation. and/or Rush Health Systems, Inc. and their negligent acts and/or omissions are imputed to the Defendants.

45. The wrongful and negligent acts, conduct, and breaches attributable to one or more

of the individual defendant physicians, specifically including the emergency room treating physicians, are imputed to Defendants Rush Medical Foundation. and/or Rush Health Systems, Inc. under principles of vicarious liability, respondeat superior, and/or *Hardy v. Brantley*, 471 So. 2d 358 (Miss. 1985) and *Gatlin v. Methodist Medical Center, Inc.*, 772 So. 2d 1023 (Miss. 2000).

46. As a proximate result of the negligence of the Defendants, their agents, employees, servants and/or representatives, Toni Cotten sustained severe and permanent bodily injuries, mental and emotional distress, pain and suffering, medical expenses and lost wages, and death. As a proximate result of the negligence of the Defendants, and their agents, employees, servants and/or representatives, Plaintiffs sustained loss of society and services, and damages for the mental pain and suffering of Plaintiffs, the loss of society and companionship of the deceased, the loss of her services, and other such damages to be determined by the jury.

### F. Damages

47. As a proximate result of the negligence, gross negligence, and wrongful acts of Defendants as set forth herein, Plaintiffs are entitled to compensatory damages for the wrongful death of Toni Cotten. Such damages include, but are not limited to: all damages available pursuant to Mississippi's Wrongful Death Statute, Miss. Code Ann. §11-7-13, for the death of Toni Cotten, including, but not limited to, damages for the physical and emotional pain and suffering experienced by Toni Cotten, loss of future wages and income for the remainder of her life, loss of society and services, and damages for the mental pain and suffering of Plaintiffs, the loss of society and companionship of the deceased, the loss of her services, medical bills, funeral expenses, and other such damages to be determined by the fact-finder or jury, in an amount to be determined by the fact-finder or jury in this action; in addition to damages including, but not limited to, attorneys' fees, pre-judgment interest on all such amounts, costs, and such other

amounts as found due and owing by the jury and/or fact-finder at trial of this matter.

## G. Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs, including the wrongful death beneficiaries of Toni Cotten, deceased, hereby demand judgment against the Defendants, The United States of America, H.C. Watkins Memorial Hospital, Rush Medical Foundation, Rush Health Systems, Inc., Ivan Zamora, M.D., James Lock, M.D., and John Does 1 – 5, in an amount in excess of the jurisdictional minimums of this Court, and, for purposes of the Federal Tort Claims Act, in the amount consistent with that demanded in Plaintiffs' notices of claim (*see* Miss. Code § 11-1-59), in addition to all costs of this action, for other damages set forth herein, for pre-judgment interest on all such amounts, and for any other relief appropriate under the law.

This the 17th day of July, 2015.

ANTHONY COTTEN, INDIVIDUALLY, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF TONI COTTEN, DECEASED, AND THE ESTATE OF TONI COTTEN, DECEASED, BY AND THROUGH LYNNITA BARTEE, ADMINISTRATRIX, PLAINTIFFS

BY: _/s/ Bob Dall_____
One of their Attorneys

Bobby L. Dallas, MSB No. 5778
Michael T. Jaques, MSB No. 8708
Alicia S. Hall, MSB No. 103580
SESSUMS DALLAS, PLLC
240 Trace Colony Park Drive
Suite One Hundred
Ridgeland, Mississippi 39157
Telephone: 601.933.2040
Facsimile: 601.933.2050
bdallas@sessumsdallas.com
mjaques@sessumsdallas.com
ahall@sessumsdallas.com


William E. Ready, Jr. MSB No. 4676
READY LAW FIRM
2103 5th Street
Meridian, Mississippi 39301-5131
Telephone: 601.693.5050
Facsimile: 601.693-1040
Bill@ReadyLawFirm.com